UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK RICHARD THATCHER, JR., | No. 2:13-cv-2240-EFB |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The parties' cross-motions for summary judgment are pending. For the reasons that follow, plaintiff's motion is denied and defendant's motion grant is granted.

I. BACKGROUND

Plaintiff filed an application for a period of disability and DIB on October 18, 2010, alleging that he had been disabled since August 31, 2010. Administrative Record ("AR") 69. Plaintiff's application was denied initially and upon reconsideration. *Id.* at 74-78, 81-85. On April 18, 2012, a hearing was held before administrative law judge ("ALJ") Peter F. Belli. *Id.* at 36-68. Plaintiff was represented by counsel at the hearing, at which he and a vocation expert ("VE") testified. *Id.*

On May 25, 2012, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i) and 223(d) of the Act.[1] *Id.* at 12-24. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.

2. The claimant has not engaged in substantial gainful activity since August 31, 2010, the date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: mild right carpal tunnel syndrome, mild right ulnar sensory neuropathy at wrist, cervical spondylosis, depression, anxiety, asthma, and fibromyalgia (20 CFR 404.1520(c)).

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

\* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.156).

\* \* \*

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that the claimant could lift/carry occasionally 20 pounds and frequently 10 pounds.  He could sit eight hours in an eight-hour workday with normal breaks.  He could stand/walk six hours in an eight-hour workday with normal breaks and no prolonged standing for about 30-45 minutes at a time.  He should never climb ladders, ropes, or scaffolds or crawl.  He could occasional [sic] stoop, kneel, and crouch.  He could occasionally work overhead with upper extremities.  He could frequently, but not constantly handle and feel.  He should avoid concentrated exposure to respiratory irritants.  He has no limitations on his ability to receive, understand, remember, and carryout simple job instructions.  He could occasionally understand, remember, and carryout detailed job instructions.  He has no limitations on the ability to adjust to workplace changes or in his ability to interact with coworkers and supervisors.  He is limited to occasional exposure to the public.

\* \* \*

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

\* \* \*

7. The claimant was born on December 8, 1964 and was 45 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

\* \* \*

11. The claimant has not been under a disability, as defined in the Social Security Act, from August 31, 2010, through the date of this decision (20 CFR 404.1520(g)).

3

1  *Id.* at 14-24.

2  Plaintiff requested that the Appeals Council review the ALJ's decision, *id.* at 8, and on August 23, 2013, the Appeals Council denied review, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-7.

## II. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## III. ANALYSIS

Plaintiff argues that the ALJ erred by (1) failing to pose a hypothetical to the VE that accurately reflected plaintiff's residual functional capacity ("RFC"), and (2) relying on the VE testimony to conclude that there are a significant number of jobs that plaintiff can perform. ECF No. 11-1 at 6-8.

/////

/////

A. The ALJ Posed a Hypothetical to the VE That Reflected Plaintiff's RFC

Plaintiff contends that the hypothetical the ALJ posed to the VE, and ultimately relied upon in determining that plaintiff was not disabled, did not accurately reflect the limitations included in the ALJ's RFC determination. ECF No. 11-1 at 7-8. Specifically, plaintiff contends that the ALJ's hypothetical did not identify any cumulative standing limitations. *Id*. at 7. He contends that the ALJ's hypothetical only included limitations in the ability to stand for about 30 to 45 minutes at one time, but did not address the total amount of time plaintiff could stand during an entire workday. *Id*. at 7. This argument is not supported by the record.

The ALJ specifically concluded that plaintiff was limited to, among other things, standing and walking for 6 hours in 8-hour workday, AR 16, a finding which the plaintiff does not challenge. In concluding that plaintiff was not disabled, the ALJ relied on the testimony of a VE. *Id*. at 23-24, 57-68. The ALJ posed a single hypothetical question to the VE, which specifically requested the VE to consider a hypothetical individual similar to claimant who, among other things, "can stand and walk six hours out of an eight-hour day with normal breaks, with no prolonged standing, stand about 30 to 45 minutes at a time." AR 58. Thus, contrary to plaintiff's contentions, the ALJ's hypothetical specifically including limitations concerning cumulative standing tolerance. Accordingly, plaintiff's argument lacks merit.[2]

B. The ALJ Properly Concluded That There Are a Significant Number of Jobs That Plaintiff Could Perform

Plaintiff also argues that the ALJ failed to satisfy his burden at the fifth step of the sequential evaluation process of demonstrating that there are a sufficient number of jobs that plaintiff could perform given his RFC. ECF No. 11-1 at 6-7.

In response to the ALJ's hypothetical question, the VE concluded that a hypothetical person with plaintiff's limitations retained the capacity to perform several unskilled jobs,

---

[2] In his motion for summary judgment, plaintiff purports to provide the court with the complete hypothetical the ALJ posed to the VE. However, plaintiff's version of the hypothetical question conspicuously omits the key language from the hypothesis on which the question was predicated: that the individual "can stand and walk six hours out of an eight-hour day with normal breaks." *Compare* ECF No. 11-1 at 7 *with* AR 58.

including: (1) surveillance systems monitor, with 80,000 jobs in the national economy, 16,000 in California, and 30 locally; (2) retail marker, with 425,000 jobs nationally, 25,000 in California, and 50 locally; and (3) cashier, with 40,000 jobs nationally, 12,000 in California, and 40 locally. AR 59-60.  Plaintiff contends that this testimony does not support the ALJ's disability finding because there are an insufficient number of "local or regional" jobs for the three types of work identified by the VE.  ECF No. 11-1 at 6-7.

Plaintiff's argument assumes, mistakenly, that the term "local," which was utilized by the VE, is synonymous with the term "regional" as the latter term is defined by the relevant regulations.  There is no basis for this assumption.

An individual is disabled under the Act where his physical or mental impairments preclude him from engaging in "substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work."  42 U.S.C. § 1382c(a)(3)(B).  "[W]ork exists in the national economy when it exists in significant numbers either in the region where the individual lives or in other several regions in the country." *Gutierrez v. Comm'r Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014).  For purposes of section 1382c(a)(3)(B) "the State of California qualifies as a 'region.'" *Id*. at 526.

While the VE may have testified that there were less than 50 local jobs for each type of work, he also testified that there were 16,000 surveillance systems monitor jobs, 25,000 retail marker jobs, and 12,000 cashier jobs in California.  This testimony constitutes substantial evidence supporting the ALJ's finding that there are a significant number of jobs that plaintiff can perform.  *See Gutierrez*, 740 F.3d at 528 (affirming "the ALJ's decision that 2,500 jobs constituted significant work in the region of California.").

IV.     CONCLUSION

The ALJ applied the proper legal standard and his decision was supported by substantial evidence.  Therefore, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is denied;

6

2. The Commissioner's cross-motion for summary judgment is granted; and

3. The Clerk is directed to enter judgment in the Commissioner's favor.

DATED: March 16, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE